IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRAISURE E. SMITH,

          Plaintiff,                   No. CIV S-11-0142 EFB P

      vs.

SOLANO COUNTY, et al.,

          Defendants.          ORDER AND
                                   FINDINGS AND RECOMMENDATIONS

_____/

       Fraisure E. Smith, a civil detainee confined at Coalinga State Hospital, filed this pro se civil rights action under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor.  Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

       Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune

1

1   defendant.

2        A district court must construe a pro se pleading "liberally" to determine if it states a

3   claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

4   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

5   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

6   action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct.

7   1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

8   must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

9   plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

10
11
12
13
>   A claim has facial plausibility when the plaintiff pleads factual content that allows
>   the court to draw the reasonable inference that the defendant is liable for the
>   misconduct alleged. The plausibility standard is not akin to a "probability
>   requirement," but it asks for more than a sheer possibility that a defendant has
>   acted unlawfully. Where a complaint pleads facts that are merely consistent with a
>   defendant's liability, it stops short of the line between possibility and plausibility
>   of entitlement to relief.

14   *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

15   framework of a complaint, they must be supported by factual allegations, and are not entitled to

16   the assumption of truth.  *Id.* at 1950.

17        The Civil Rights Act under which this action was filed provides:

18
19
20
>   Every person who, under color of [state law] . . . subjects, or causes to be
>   subjected, any citizen of the United States . . . to the deprivation of any rights,
>   privileges, or immunities secured by the Constitution . . . shall be liable to the
>   party injured in an action at law, suit in equity, or other proper proceeding for
>   redress . . . .

21   42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

22   establish the defendant's personal involvement in the constitutional deprivation or a causal

23   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

24   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

25   (9th Cir. 1978).

26   ////

1    The court finds that, for the limited purposes of § 1915 screening, the complaint states

2    cognizable claims for relief against defendants Firman, K. Cordero, and Corey.

3    The complaint does not state a cognizable claim against Solano County.  Municipalities

4    (and their departments) may be sued under § 1983 only upon a showing that an official policy or

5    custom caused the constitutional tort.  *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429

6    U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978);

7    *Haugen v. Brosseau*, 351 F.3d 372, 393 (9th Cir. 2003) (granting summary judgment to city and

8    city police department under *Monell*).  "A local government entity cannot be held liable under §

9    1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly

10   adopted or a tacitly authorized [governmental] policy."  *Ortez v. Wash. County*, 88 F.3d 804, 811

11   (9th Cir. 1996) (citation and quotations omitted) (alteration in original). "[L]ocal governments,

12   like any other § 1983 'person,' ... may be sued for constitutional deprivations visited pursuant to

13   governmental 'custom' even though such a custom has not received formal approval through the

14   body's official decisionmaking channels."  *Monell*, 436 U.S. at 690–91.

15   Plaintiff does not allege that Solano County has an official policy of denying medical

16   treatment to inmates.  Nor would such an allegation meet the pleading requirements in *Ashcroft*

17   *v. Iqbal*, _ U.S. _,129 S.Ct. 1937, 1949, (2009) (plaintiff must plead facts that "state a claim to

18   relief that is plausible on its face.").  Thus, it appears that granting leave to amend claims against

19   Solano County would be futile.  *See Lopez*, 203 F.3d at 1128 (indigent prisoner proceeding

20   without counsel must be given leave to file amended complaint unless the court can rule out any

21   possibility that the plaintiff could state a claim).  Defendant Solano County should therefore be

22   dismissed with prejudice.

23   Accordingly, it is hereby ORDERED that:

24   1.  Plaintiff's request to proceed *in forma pauperis* is granted.

25   2.  Service is appropriate for defendants Firman, K. Cordero, and Corey.

26   ////

3

3.  The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and one copy of the January 14, 2011 complaint.

4.  Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and four copies of the endorsed January 14, 2011 complaint.

5.  Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants Firman, K. Cordero, and Corey without payment of costs.  Failure to comply with this order will result in a recommendation that this action be dismissed.

6.  The Clerk is directed to randomly assign a United States District Judge to this matter.

Further, it is hereby RECOMMENDED that defendant Solano County be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    FRAISURE E. SMITH,

11              Plaintiff,                    No. CIV S-11-0142 EFB P

12        vs.

13    SOLANO COUNTY, et al.,

14              Defendants.        NOTICE OF SUBMISSION OF DOCUMENTS

15    _____/

16          Plaintiff hereby submits the following documents in compliance with the court's order

17    filed _____:

18              __1__          completed summons form

19              __3__          completed forms USM-285

20              __4__          copies of the January 14, 2011 complaint

21

Dated:

22

23                              _____
                                          Plaintiff

24

25

26