IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRAISURE E. SMITH,

      Plaintiff,                          No. CIV S-11-0142 EFB P

vs.

SOLANO COUNTY, et al.,

      Defendants.             ORDER

_____/

      Plaintiff, who is confined to Coalinga State Hospital, proceeds without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on the complaint filed January 14, 2011. The United States Marshal ("Marshal") has requested reimbursement of expenses incurred in personally serving defendants Firman, Cordero, and Corey. *See* Dckt. Nos. 13-14, 15-16, 22-23.

      This court previously ordered the Marshal to serve process upon defendants Firman, Cordero, and Corey. Dckt. No. 10. The Marshal was directed to attempt to secure a waiver of service before personally serving any defendant. *Id.* ¶ 2. However, if a waiver of service was not returned within 60 days as to any defendant, the Marshal was directed to (1) personally serve that defendant without prepayment of costs under Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c); and (2) file the return of service with evidence of attempts to secure a

1

1  waiver and costs subsequently incurred in effecting personal service.  *Id*. ¶ 5.

2  The forms USM-285/Process Receipt and Return filed by the Marshal shows that the

3  Marshal mailed each defendant a waiver of service on June 29, 2011.  Dckt. No. 13, 15, 23.  The

4  forms also includes a notation that the waivers of service were not returned.  *Id.*  The Marshal

5  was therefore required to complete personal service on defendants.  The forms show the total

6  charges for personally serving each defendant as follows: $110 for Firman, $100 for Cordero,

7  and $288.85 for Corey.  *Id.*

8  Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

9  An individual . . . that is subject to service under Rule 4(e), (f), or (h) has a duty
   to avoid unnecessary expenses of serving the summons.

10

11  . . .

   If a defendant located within the United States fails, without good cause, to sign
12  and return a waiver requested by a plaintiff located within the United States, the
   court must impose on the defendant the expenses later incurred in making service
13  . . . .

14  Fed. R. Civ. P. 4(d)(1)-(2).  Thus, the Marshal may be entitled to the costs sought, as it appears

15  that defendants were given the opportunity required by Rule 4(d)(2) to waive service but failed

16  to do so.

17  Accordingly, the court hereby ORDERS that:

18  1.  Within 14 days from the date of service of this order, defendants shall pay to

19  the United States Marshal the sums listed above, unless within that time they file a written

20  statement showing good cause for failing to waive service.

21  2. The Clerk of the Court shall serve a copy of this order on the U.S. Marshal.

22  DATED:  February 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2