IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRAISURE EARL SMITH,

    Plaintiff,     No. 2:11-cv-00142 MCE EFB P

    vs.

SOLANO COUNTY, et al.,

    Defendants.    ORDER AND
              FINDINGS AND RECOMMENDATIONS
_____/

   Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a motion for summary judgment and a motion to quash defendants' subpoenas, and defendants' have requested modification of the discovery and scheduling order. Dckt. Nos. 25, 33, 34. For the reasons that follow, the motions for summary judgment and to quash must be denied. Additionally, good cause exist to grant modification of the scheduling order.

**I. Background**

   This action proceeds on the verified complaint filed January 14, 2011. Dckt. No. 1. Plaintiff alleges:

> I filed a grievance against "physician assistant" Corey and requested she be removed from being in charge of my medical care because 1) she was not a qualified doctor to care for cancer patients 2) she cancelled necessary radiation appointments which showed negligence of life sustaining medical care. K.

1

1  Cordero and Dr. Firman, the medical supervisor and medical director for Solano
   County Jail removed PA Corey from my care, yet even when I put in [a] request
2  to be seen by Dr. Firman, their angered response for having P.A. Corey replaced
   by Dr. Firman was no medical treatment for approximately 2.5 months.
3

4  *Id.* at 3.[1]  Plaintiff seeks $25 million in damages. *Id.*

5  The court's scheduling order, entered on November 16, 2011, required that all requests

6  for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 and 36 be served no later

7  than January 9, 2012. Dckt. No. 24 at 4. The order provided a final discovery cut-off date of

8  March 9, 2012. *Id.*

9  On February 2, 2012, defendants served subpoenas on Queen of the Valley Hospital,

10 Sutter Solano Medical Center, Coalinga State Hospital, Napa Valley Urology, and Sutter

11 Oncology Center, seeking plaintiff's medical records. Dckt. No. 28, Exs. 1-9. Plaintiff states

12 that he received copies of the subpoenas on February 14, 2012. Dckt. No. 28 at 2.

13 **II.    Motion to Quash**

14 Plaintiff seeks to quash the subpoenas for his medical records on two grounds. First, he

15 contends that the subpoenas were untimely under the discovery and scheduling order because

16 they were served after January 9, 2012. However, as defendants note, the order did not require

17 that subpoenas under Federal Rule of Civil Procedure 45, such as those at issue here, be served

18 by that date. The subpoenas were served prior to the final discovery deadline, and accordingly

19 defendants did not violate the discovery and scheduling order and there is no basis to quash the

20 subpoenas on that ground.

21 Second, plaintiff argues that the records are confidential and not relevant to plaintiff's

22 claim, which he characterizes as "not being treated for two and a half months." Dckt. No. 28 at

23 3. While plaintiff has not specified in his complaint what law he believes the defendants have

24 violated, the undersigned gathers from his motion for summary judgment that he alleges that

25
   _____
26  [1] Page numbers cited herein refer to those assigned by the court's electronic docketing
   system and not those assigned by the parties.

2

defendants violated his right under the Fourteenth Amendment to the "minimal civilized measure of life's necessities" as a pre-trial jail detainee by depriving him of necessary medical care. Dckt. No. 25 at 33. This claim places plaintiff's medical records in issue. Those records are relevant to determine, among other things, what conditions plaintiff suffers from, what treatment he required, what treatment he was provided, and what he consequences he suffered from any alleged failure to treat. Accordingly, the motion to quash must be denied. Should plaintiff be concerned about defendants' use of his records, he may work with defense counsel to agree to a protective order governing the records or seek such an order from the court.

Because of the pendency of the motion to quash, defendants have not been able to obtain the documents sought through the subpoenas. Therefore, the court will modify the discovery and scheduling order to extend the discovery cut-off date to 45 days from the date of this order. The deadline for filing dispositive motions shall also be extended to 90 days from the date of this order.

**III.    Motion for Summary Judgment**

    *A.    Summary Judgment Standards*

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to

"'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

      A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J.,

5

dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand,"[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* If the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue. *Celotex.*, 477 U.S. at 323. Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

*B.     Analysis*

Because plaintiff will bear the burden of establishing the elements of his claims at trial, to obtain summary judgment plaintiff must set forth evidence establishing beyond controversy those elements. *James v. Scribner*, No. 1:04-CV-05878-LJO-DLB P, 2008 U.S. Dist. LEXIS 19476, at * 3 (E.D. Cal. Mar. 13, 2008).

As noted above, plaintiff's motion for summary judgment indicates that he seeks relief under the Fourteenth Amendment to the U.S. Constitution for denial of medical care as a pre-trial detainee.

> Pretrial detainees . . . have not been convicted of any crime. Therefore, constitutional questions regarding the conditions and circumstances of their confinement are properly addressed under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment's protection against cruel and unusual punishment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 77 L. Ed. 2d 605, 103 S. Ct. 2979 (1983); *Bell v. Wolfish*, 441 U.S. 520, 535, 60 L. Ed. 2d 447, 99 S. Ct. 1861 & n.16 (1979); *see also Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). In light of the Supreme Court's observation that the due process rights of pretrial detainees are "at least as great as the Eighth Amendment protections available to a convicted prisoner," *Revere*, 463 U.S. at 244, we have recognized that, even though the pretrial

6

1         detainees' rights arise under the Due Process Clause, the guarantees of the Eighth
2         Amendment provide a minimum standard of care for determining their rights,
         including the rights to medical and psychiatric care. *Gibson*, 290 F.3d at 1187;
3         *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996); *Jones v. Johnson*, 781 F.2d
         769, 771 (9th Cir. 1986).

4 *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). "With regard to medical needs,

5 the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes:

6 'persons in custody have the established right to not have officials remain deliberately indifferent

7 to their serious medical needs.'" *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir.

8 2002) (quoting *Carnell v. Grimm*, 74, F.3d 977, 979 (9th Cir. 1996)).

9         To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

10 plaintiff must establish that he had a serious medical need and that the defendant's response to

11 that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

12 *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to

13 treat plaintiff's condition could result in further significant injury or the unnecessary and wanton

14 infliction of pain. *Jett*, 439 F.3d at 1096. An officer has been deliberately indifferent if he was

15 (a) subjectively aware of the serious medical need and (b) failed to adequately respond. *Farmer*

16 *v. Brennan*, 511 U.S. 825, 828 (1994).

17         Neither a defendant's negligence nor a plaintiff's general disagreement with the

18 treatment he received suffices to establish deliberate indifference. *Estelle*, 429 U.S. at 106;

19 *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996); *Hutchinson v. United States*, 838 F.2d

20 390, 394 (9th Cir. 1988). Evidence that medical caregivers disagreed as to the need to pursue

21 one course of treatment over another is also insufficient, by itself, to establish deliberate

22 indifference. *Jackson*, 90 F.3d at 332. Rather, the plaintiff must show that the course chosen by

23 the defendants was medically unacceptable under the circumstances. *Jackson*, 90 F.3d at 332.

24 When a prisoner alleges a delay in medical treatment, he must show the delay caused an injury.

25 *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds, WMX*

26 *Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *see also Wood v.*

*Housewright*, 900 F.2d 1332, 1334-35 (9th Cir. 1990) (several day delay in treatment did not violate Eighth Amendment where there was no emergency and given plaintiff's condition, i.e., a severe shoulder injury, the only remedy immediately available was painkillers).

Finally, "a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene" to prevent a violation imposed by someone else. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). A defendant-officer may be held liable for failing to intervene when he had enough time to observe what was happening and to intervene and prevent or curtail the violation, but failed to do so. *See Lanier v. City of Fresno*, 2010 U.S. Dist. LEXIS 130459, 2010 WL 5113799, at *6 (E.D. Cal. Dec. 8, 2010) (citations omitted).

Plaintiff's motion for summary judgment does not provide the court with argument citing the evidence that establishes the elements of his claim under the Fourteenth Amendment. Instead, plaintiff's memorandum of points and authorities is entirely comprised of plaintiff's arguments that defendants have not established their defenses.[2] Nowhere in his memorandum of points and authorities does plaintiff describe how the facts of his case make out a Fourteenth Amendment violation and cite to evidence establishing those facts. In addition, plaintiff has entirely failed to comply with Local Rule 260(a), which provides:

> Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers.

As plaintiff has not met his burden of establishing the elements of his claim beyond controversy, his motion for summary judgment must be denied.

////

---

[2] While plaintiff attempts to remedy this defect in his reply brief, the court should not consider new arguments and evidence raised therein, as defendants have not had any opportunity to respond.

8

## IV. Order and Recommendation

Accordingly, it is hereby ORDERED that:

1. Plaintiff's February 24, 2012 motion to quash (Docket No. 28) is denied.

2. Defendants' March 22, 2012 request to modify the discovery and scheduling order (Docket No. 33) is granted. The parties may conduct discovery until 45 days from the date of this order. Any dispositive motions must be filed within 90 days of the date of this order.

It is further RECOMMENDED that plaintiff's February 1, 2012 motion for summary judgment (Docket No. 25) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2012.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE